IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CR-18-297-R |
| | ) |
| CHAD WAYNE KASPEREIT, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant's "*Pro Se* Motion to Vacate, Set Aside, & Correct His Conviction and Sentence" [Doc. No. 141] seeking the appointment of counsel, bail pending habeas review, and the vacating of his conviction and sentence pursuant to 28 U.S.C. § 2255.[1] The Motion is fully briefed and ripe for adjudication. For the reasons stated below, the Court DENIES Defendant's motion.

The Tenth Circuit, in its affirmance of the Defendant's conviction and sentence, provided the following summary of this case:

> In early September 2015, Defendant's then-wife, Brittany McCormick, petitioned an Oklahoma state court for an emergency protective order and initiated divorce proceedings. The court granted an emergency protective order and set a hearing. The parties appeared with counsel and agreed to continue the hearing for three days and consolidate it with a hearing on the divorce. The parties appeared again, and, after the hearing, the state court continued the protective order indefinitely, saying it would "be reviewed before resolution of this case." The court docketed the temporary protective order in the divorce and in the separate protective order action. In fact, no review of the order occurred concurrent with the final divorce decree, and it remained in effect until dissolved by uncontested motion in February 2018.

---

[1] Because Mr. Kaspereit is proceeding pro se, the Court construes his motion liberally but does not act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

> Meanwhile, in December 2017, Defendant bought two handguns from an Academy sporting goods store. As a part of that transaction, he filled out Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") Form 4473 (Firearms Transaction Record). On the form, Defendant certified he was "not subject to a court order restraining [him] from harassing, stalking, or threatening [his] child or an intimate partner or child of such partner." Several months later, in March 2018, local law enforcement responded to an incident at Defendant's home, which he shared with his new spouse, Stephanie Carson. Carson consented to a search of the home and vehicles, and officers discovered the handguns Defendant had purchased in December. She filed for her own protective order, which an Oklahoma court granted, but that order is not at issue in this appeal.
>
> A federal grand jury indicted Defendant on three counts: (1) making a false statement during the purchase of a firearm in violation of 18 U.S.C. § 922(a)(6), (2) possession of a firearm from December 2017 to February 2018 while subject to McCormick's protective order in violation of 18 U.S.C. § 922(g)(8), and (3) possession of a firearm while subject to Carson's protective order, in violation of the same. After trial in May 2019, the jury returned a guilty verdict on counts one and two but acquitted on count three. The district court sentenced Defendant to 120 months' imprisonment on each count to run concurrently, varying upward from the guidelines range.

*United States v. Kaspereit*, 994 F.3d 1202, 1206 (10th Cir. 2021).

After his conviction and the failure of his appeal, Mr. Kaspereit filed a "Motion to Vacate Temporary Protective Order and to Determine Protective Order Unenforceable" with the District Court in and for Stephens County. Doc. No. 134-1. The court granted the unopposed motion on September 27, 2021, and entered an "Order Sustaining Motion to Vacate Protective Order and to Determine Protective Order Unenforceable" ("Order to Vacate") on September 28, 2021. Doc. No. 141-1. Defendant then submitted a Motion for New Trial in this Court, arguing that the state court Order to Vacate constituted newly discovered evidence that justified a new trial. *See generally* Doc. No. 134. The Court

denied the motion, and now, proceeding *pro se*, Mr. Kaspereit has filed the instant § 2255 motion.

Section 2255 entitles a prisoner to relief "[i]f the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b). Defendant argues that his trial attorney was constitutionally ineffective for failing to properly investigate the predicate protective order and have it vacated by the state court before his federal trial. Doc. No. 141 at 3–4. He contends that, had counsel done so, he would not have been convicted of the illegal purchase and possession of a firearm in violation of §§ 922(a), (g). *Id*. In his second ground for relief, Defendant argues he is actually innocent. *Id.* at 5–6.[2]

To establish that his trial counsel was constitutionally ineffective, Defendant must show that his attorney's representation was deficient, meaning that it fell below an objective standard of reasonableness and that the deficient performance prejudiced Defendant. *Strickland v. Washington*, 466 U.S. 668, 687, 690 (1984). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. *Strickland*, 466 U.S. at 687–88. There

---

[2] In his Reply brief, Defendant raises a third ground for § 2255 relief, namely that there was insufficient evidence for his conviction. Doc. No. 147 at 2. He, however, does not explain this argument in detail. *See generally* Doc. No. 147. Regardless, because Mr. Kaspereit raised the claim for the first time in his Reply, the Court deems it waived. *See United States v. Herget*, 585 F. App'x 948, 950–51 (10th Cir. 2014) (holding that grounds raised for the first time in a reply brief to a § 2255 motion are waived) (citing *Anderson v. U.S. Dept. of Labor*, 422 F.3d 1155, 1174–75 (10th Cir. 2005).

3

is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. In making this determination, the Court must "judge . . . counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690. Moreover, the review of a counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Id*. at 689.

To establish the second prong, Petitioner must show that his attorney's deficient performance prejudiced the defense to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id*. The likelihood of a different result "must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011). If Petitioner cannot show either "deficient performance" or "sufficient prejudice," his claim of ineffective assistance fails. *Strickland*, 466 U.S. at 700.

The Government argues that Defendant's ineffective assistance of counsel claim fails on both prongs. In doing so, it utilizes a broad reading of Mr. Kaspereit's claim, construing his motion as arguing that counsel failed to properly attack the underlying protective order during federal trial. The Court reads the motion more narrowly, finding Defendant is arguing that his trial counsel should have attacked the underlying protective order in state court, and once the order was vacated, used that fact to defend against the

federal firearms charges. However, Mr. Kaspereit's argument has no merit because he cannot establish prejudice from his counsel's performance.

>In *United States v. Reese*, 627 F.3d 792 (10th Cir. 2010), the Tenth Circuit held that:
>
>> challenges to [an underlying protective order in a § 922(g)(8) proceeding] could and should [be] raised in the [state] court. . . [I]t [is] improper for the district court to engage in what was effectively a collateral review of the protective order.

*Id*. at 805. Accordingly, any collateral attack on state court protective orders underlying a § 922(g)(8) proceeding must be made in state court, as happened in this case. The Court in *Reese*, however, was not asked to consider when such a collateral attack must be undertaken in state court to be effective. The Court concludes that Defendant needed to have the state court vacate his protective order before he purchased or possessed firearms.

The Tenth Circuit addressed an analogous situation in *United States v. Mayfield*, 810 F.2d 943 (10th Cir. 1987). The district court in that case dismissed several counts charging Mr. Mayfield with violations of § 922(g)(1) because it concluded that the underlying state court conviction was void from its inception. The Tenth Circuit reversed, noting:

> no conviction is void (or "null") until the judicial process has declared it so. There is no question that [the defendant] was "convicted in the first place" and while it is true that his conviction was finally "rendered a nullity", it was not rendered so until after he allegedly obtained firearms.
>
> Moreover, the principle that a void judgment is not legally binding simply means that it may not be enforced. Yet we are not concerned here with enforcing [a defendant's] . . . conviction. We are concerned, instead, with the role of that conviction as a disqualifying condition for the purpose of obtaining firearms . . . [§ 922(g)(1)] . . . require[s] that the conviction be declared void before a firearm is purchased.

5

*Id*. at 946.

This Circuit has commented that § 922(g)(1) and § 922(g)(8) cases are often treated analogously. *See Reese*, 627 F.3d at 804–05 (commenting that most federal circuit courts interpret § 922(g)(1) and § 922(g)(8) to be analogous). Therefore, under *Mayfield*, to avoid criminal liability, a defendant pursuant to § 922 must clear his predicate status *before* any attempt to purchase or possess firearms. Consequently, even if trial counsel had successfully obtained the retroactive Order to Vacate prior to his federal trial, the outcome of Defendant's case would not have been different because Mr. Kaspereit was subject to an underlying protective order when he purchased and possessed firearms, in violation of § 922(g)(8).

In *United States v. Hicks*, 389 F.3d 514, 534-36 (5th Cir. 2004), the Fifth Circuit addressed the issue, concluding:

> Like [other § 922] provisions at issue in *Lewis* and *Chambers*, nothing in the language of 18 U.S.C. § 922(g)(8) indicates that it applies only to persons subject to a valid, as opposed to an invalid, protective order. . . If Hicks truly believed that [the underlying protective order] was invalid, he should have objected to the Fannin County Court's subject-matter jurisdiction at the original court hearing, appealed the order for lack of jurisdiction, or sought a writ of mandamus from the local appellate court before possessing either firearms or ammunition. Because Hicks did not take any of these steps, he violated the plain meaning of 18 U.S.C. § 922(g)(8) by possessing firearms and ammunition while he was subject to a protective order, and his conviction stands.

*Id*. at 535–36 (citation omitted).

In support of his position, Defendant cites *United States v. Hisey*, 12 F.4th 1231 (10th Cir. 2021). In that case, the Tenth Circuit found that the Kansas state court lacked the discretion to imprison Mr. Hisey because he qualified for probation and drug treatment

6

diversion. *Id*. at 1236–37.  He, thus, never committed a covered offense and, therefore, no disqualifying status to purchasing or possessing firearms ever existed. *Id*. The facts of Defendant's case are distinguishable from *Hisey*. Mr. Kaspereit does not contest that he was subject to a protective order at one time. Instead, he contends that it was an invalid protective order when he committed his offense in December 2017. At trial, a jury found that he was aware that he was subject to a covered protective order under 922(g)(8) and that the order was in force when he purchased and possessed firearms. Consequently, whether valid or invalid, Mr. Kaspereit was a prohibited person when he purchased and possessed firearms.

In sum, the Court's sole focus in a § 922(g)(8) conviction, as described above, is on the protective order's role as a disqualifying condition on Defendant's right to possess a firearm. *Mayfield*, 810 F.2d at 946. Mr. Kaspereit could have brought "a direct challenge in state . . . court before obtaining a firearm", but he did not. *Id*. at 945. Thus, Defendant violated § 922(g)(8) by failing to do so. *Id*. (citing *Lewis v. United States*, 445 U.S. 55, 64 (1980). Consequently, even if Defendant's attorney had the state court vacate the underlying protective order prior to his federal trial, the outcome would not have been different. The Court, therefore, denies § 2255 relief on Defendant's ineffective assistance of counsel claim because he cannot establish prejudice.

In Mr. Kaspereit's second ground for relief, Defendant argues that he is actually innocent because the protective order was not in effect when he purchased and possessed the firearm at issue in this case. Doc. No. 141 at 4–6. Defendant raised this issue on direct appeal. *See Kaspereit*, 994 F.3d at 1213.  (finding there was no evidence that the state court

had vacated or otherwise nullified the protective order when Mr. Kaspereit purchased and possessed firearms). "Absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255." *United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989). Consequently, Defendant is barred from pursuing his actual innocence ground in a § 2255 motion and denies relief this claim.

Defendant requested that the Court appoint him counsel. However, having determined that he is not entitled to § 2255 relief, the Court denies his request. *See Swazo v. Wyo. Dep't. of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994) (district courts generally have discretion whether to appoint counsel in habeas actions). As to his request for release pending post-conviction proceedings, "[a]n inmate seeking federal habeas relief must, in order to obtain release pending a determination on the merits of his petition, make a showing of exceptional circumstances" or demonstrate "a clear case on the merits of his habeas petition." *United States v. Palermo*, 191 F. App'x 812, 813 (10th Cir. 2006) (unpublished) (citing *Pfaff v. Wells*, 648 F.2d 689, 693 (10th Cir. 1981)). Defendant has not established any exceptional circumstances and the Court has concluded his habeas petition lacks merit. Consequently, his request is denied.

Finally, Rule 11 of the Rules Governing Section 2255 Proceedings states that the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, Defendant must demonstrate that "reasonable jurists would find the

district court's assessment of the constitutional claims debatable or wrong." *See Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)). Because no reasonable jurist could find Defendant is entitled to relief on his § 2255 motion, the Court declines to issue a Certificate of Appealability.

For the reasons above, the Court DENIES Defendant's motion pursuant to 18 U.S.C. § 2255 and the associated requests for counsel and release. The Court, additionally, declines to issue a Certificate of Appealability.

IT IS SO ORDERED this 7th day June 2022.

*[signature]*

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE